UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23264-BLOOM/Otazo-Reyes

COOSEMAN'S MIAMI, INC.,

      Plaintiff,

v.

ASPEN SPECIALTY INSURANCE
COMPANY,

      Defendant.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Aspen Specialty Insurance Company's

Motion to Dismiss Count II of Plaintiff's Amended Complaint, ECF No. [19] ("Motion"). Plaintiff

filed a Response, ECF No. [24], to which Defendant filed a Reply, ECF No. [25]. The Court has

considered the Motion, the Response, the Reply, the record, the applicable law, and is otherwise

fully advised. For the reasons stated below, Defendant's Motion is granted.

## I.      BACKGROUND

This is an insurance dispute regarding to damages to Plaintiff's property allegedly caused

by Hurricane Irma in 2017. *See* Amended Complaint, ECF No. [14]. The operative Amended

Complaint contains two Counts: Breach of Contract (Count I) and Declaratory Judgment (Count

II). *Id.*

Defendant moves to dismiss Count II as duplicative of Count I. ECF No. [19]. Plaintiff

responds that it is permissible for a declaratory relief claim to be asserted in conjunction with a

breach of contract claim. ECF No. [24]. In Reply, Defendant reiterates that the declaratory

judgment Count in this case is completely subsumed within the breach of contract Count, so it is subject to dismissal. ECF No. [25] at 2.

## II.      LEGAL STANDARD

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the facts satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *Id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, accepts the plaintiff's allegations as true and evaluates all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). While the Court is required to accept as true all

allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

### III.   DISCUSSION

The Declaratory Judgment Act provides that a federal court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. A district court's ability to grant relief under the Act is permissive, and while the Act "gives the federal courts competence to make a declaration of rights[,] it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005). The Court has "exceptionally broad discretion in deciding whether to issue a declaratory judgment[.]" *Otwell v. Ala. Power Co.*, 747 F.3d 1275, 1280 (11th Cir. 2014). "If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

"Declaratory judgment claims that functionally seek adjudication on the merits of a breach of contract claim are duplicative and cannot stand." *Mena Catering, Inc. v. Scottsdale Ins. Co.*, 512 F. Supp. 3d 1309, 1322 (S.D. Fla. 2021) (citing cases). "Declaratory judgment claims may properly coexist with breach of contract claims when they provide the plaintiff a form of relief unavailable under the breach of contract claim." *Id.* (quotation marks omitted). "Such claims for declaratory judgment must be forward-looking, rather than retrospective, as any retrospective declaration would be equally solved by resolution of the breach of contract claim." *Id*.

Here, Count I of Plaintiff's Amended Complaint seeks damages due to Defendant's alleged failure to pay damages for Plaintiff's property damage in accordance with Defendant's insurance policy. ECF No. [14] at 3-4. Count II seeks a declaratory judgment that Plaintiff's property damage "is covered under the Policy[.]" ECF No. [14] at 6. The Court agrees with Defendant that Plaintiff

cannot prevail on its breach of contract claim unless the Court determines that Plaintiff's loss is covered by the policy. Accordingly, "the declaratory judgment count would serve no useful purpose because the issues will be resolved by another claim[.]" *Organo Gold Int'l Inc. v. Aussie Rules Marine Servs., Ltd.*, 416 F. Supp. 3d 1369, 1377 (S.D. Fla. 2019). In such circumstances, dismissal of the duplicative declaratory judgment count is appropriate. *Id.* (citing cases dismissing declaratory judgment claims that were duplicative of contract claims).

IV.     **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendant's Motion to Dismiss, **ECF No. [19]**, is **GRANTED**.

2.  Count II of Plaintiff's Amended Complaint, ECF No. [14], is **DISMISSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 18, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record